UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

BRANDON JAMES,                       )
    Plaintiff,                       )
                                     )
v.                                   )        15-CV-1347
                                     )
ILLINOIS DEPARTMENT OF               )
CORRECTIONS, et. al.,                )
    Defendants.                      )
                                     )

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The pro se Plaintiff, a state inmate, claims his constitutional rights were violated at Pontiac Correctional Center by the Illinois Department of Corrections, Wexford Health Sources, Inc., Boswell Pharmacy Services, Warden Randy Pfister, Medical Director Andrew

Tilden, Medical Director Louis Shicker, Health Care Administsrator Terry Arroyo and Director Donald Stelworth.

Plaintiff says on September 27, 2012, he filed a lawsuit in the Central District of Illinois alleging Defendants had violated his constitutional rights. The parties reached a settlement agreement dismissing the case, but Plaintiff says the Defendants have failed to abide by the terms.

The Plaintiff is referring to *James v Tilden*, Case No. 12-1376, in which he alleged Defendants at both Pontiac and Stateville Correctional Centers violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition, Gender Identity Disorder; and, the Defendants violated his Fourteenth Amendment equal protection rights when he was denied medical care for this condition. *See James v Tilden*, Case No. 12, 1376; October 26, 2012 Merit Review Opinion; January 31, 2014 Amended Complaint. Specifically, Plaintiff claimed the Defendants repeated refused to provide him any care from psychotherapy to hormone replacement therapy.

Plaintiff initially filed his complaint pro se, but counsel later agreed to represent him. On December 22, 2014, the parties filed a

Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) dismissing all claims with prejudice. *James v Tilden*, Case No. 12-1376. [90].  The terms of the settlement agreement were not before the court.

Plaintiff says the prescriptions for two of his needed medications expired in July of 2015.  He notified Defendants Shicker, Arroyo and Dr. Tilden that they were in violation of the settlement agreement, but no action was taken.   Plaintiff says he has still not received any hormone therapy and is suffering "debilitating effects" as a result. (Comp., p. 6).   Plaintiff also alleges the Defendants have violated both his Eighth and Fourteenth Amendment rights.

A claim based on violation of a settlement agreement is a state law claim of breach of contract.

> If indeed the case was dismissed under Rule 41(a)(1)(ii), the plaintiff could not later complain to the court that the dismissal had been premised on a settlement agreement that the defendant had violated, and ask the court to order the defendant to abide by the agreement. The court would not have jurisdiction over the dispute merely by virtue of having had jurisdiction over the case that was settled. The violation of the settlement agreement would be a breach of contract remediable under state but not federal law, and therefore only in state court since the parties are not of

diverse citizenship. *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985).

However, it is also possible the Plaintiff has an Eighth Amendment and Fourteenth Amendment claim based on the failure to provide medical care for his condition. *See Konitzer v. Wall*, 2013 WL 2297059, at *3 (W.D.Wis. May 24,2013)(dismissing GID plaintiff's breach of contract claim with leave to amend to clarify involvement of Defendants, but allowing constitutional claims to proceed). Since the terms of the settlement agreement were not before the Federal Court, it is unclear whether these claims would be precluded. In addition, if the Plaintiff were able to proceed with these claims, the Court could exercise supplemental jurisdiction over his state law claim concerning his settlement agreement. Therefore, the court will not dismiss the claims, but will wait until Defendants have been served and the record is clarified.

It is also unclear at this juncture whether all of the named Defendants should remain in the case, but the court will wait for clarification of the record and the settlement agreement. Nonetheless, the Court notes Plaintiff says he is suing Boswell Pharmacy Services because they have a contract with the Illinois

Department of Corrections to provide medication.  This is not sufficient to state liability because a pharmacy could not provide medication without a doctor's prescription.  Therefore, the court will dismiss Defendant Boswell Pharmacy.

In the relief requested section of the complaint, the Plaintiff asks for damages as well as a preliminary and permanent injunction ordering Defendants to provide hormone therapy.  The court notes that since Plaintiff filed this lawsuit, he has transferred from Pontiac Correctional Center to Pinckneyville Correctional Center.  It is unclear whether Pinckneyville was subject to the same settlement agreement and whether this court will have jurisdiction over Plaintiff's claims.  Therefore, the issue of an injunction is more properly addressed once Defendants are in this case.

Plaintiff is encouraged to contact the attorney who represented him in negotiating his settlement agreement in *James v Tilden*, Case No. 12-1376, for representation and guidance in this case.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28

U.S.C. § 1915A, the Court finds that Plaintiff alleges Defendants Illinois Department of Corrections, Wexford Health Sources, Inc., Warden Randy Pfister, Medical Director Andrew Tilden, Medical Director Louis Shicker, Health Care Administrator Terry Arroyo and Director Donald Stelworth violated his Eighth Amendment and Fourteenth Amendment rights based on a failure to provide treatment for gender identity disorder; and violated state law based on a breach of a settlement agreement. This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing

each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule

on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**11) The Clerk of the Court is directed to dismiss Defendant Boswell Pharmacy Services for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.**

**12) The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

13) **The Clerk is further directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED: November 25, 2015

FOR THE COURT:                                  **Sue E. Myerscough**
                                                SUE E. MYERSCOUGH
                                                U.S. DISTRICT JUDGE